Filed 7/1/14  P. v. Robinson CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B252098 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA051134) |
| v. | |
| WILLIAM C. ROBINSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Daviann L. Mitchell, Judge.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

William Robinson appeals from a judgment which sentenced him to three years in county jail for resisting an executive officer. His appointed counsel has filed an opening brief raising no issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm the judgment.

**FACTS**

William and James Robinson[1] ate dinner at a Denny's in Lancaster on November 29, 2010. At the time, James was 67 years old. William is his youngest son. During dinner, William appeared to be "his usual self" and did not appear agitated or angry. Near the end of dinner, however, William became agitated when his father asked him whether he had finished his food. James responded in Spanish and his father asked him to speak in English. William then began to punch his father with a closed fist on the side of the head just above the ear. James' glasses were knocked off and his nose was cut. He suffered from swelling and a hematoma on the right side of his head. He also experienced chest pain, which stopped half an hour after the incident. Due to his heart condition, however, James was admitted into the hospital for three days for observation.

Frank Salazar was at the restaurant with his family that day when he heard William hit his father. Salazar and several other patrons attempted to stop William. In response, William swung at them and yelled profanities. William hit Salazar on the top of his head and Salazar hit him back. James asked a waitress to call the police. Just before they arrived, William calmed down and attempted to leave the restaurant. He asked his father to leave with him, but James refused. As William attempted to walk out, Deputy Sarah Dieguez arrived with Deputy Lee Warren in response to a 911 call. They were directed to William by the other patrons. They heard William say, "I gotta go." Deputy Warren asked him to put his hands behind his back and went to grab his hands to place them behind his back. Deputy Dieguez attempted to assist. William resisted and wrapped his arm around the female deputy's neck in a chokehold. She began to gasp and

---

[1] For ease of reference, we will refer to members of the Robinson family by their first names.

turned red. Deputy Warren attempted to help his partner, hitting William with his flashlight on the upper back and the back of his head. They all struggled on the ground of the restaurant. William was lifted off Deputy Dieguez when other officers arrived at the scene.

William was charged with assault upon a peace officer in violation of Penal Code[2] section 245, subdivision (c) (count 1), resisting an executive officer in violation of section 69 (count2), battery with serious bodily injury in violation of section 243, subdivision (d) (count 3), and elder abuse in violation of section 368, subd. (b)(1) (count 4). A competency hearing was held as a result of the trial court's and defense counsel's reservations about William's ability to understand the charges and participate in the trial. Two experts were assigned pursuant to sections 1368-1370 to determine William's competency. As a result, proceedings in the criminal prosecution were suspended.

At the competency hearing on March 16, 2011, the trial court found William was not mentally competent to stand trial within the meaning of section 1368 and that he was not able to understand the nature of the proceedings against him and was not able to assist counsel in his own defense. Further, the trial court found William lacked the capacity to make decisions regarding psychotropic medication and that if he was untreated with psychotropic medication, it was probable he would suffer serious harm to his physical or mental health. William was ordered committed to Patton State Hospital, which was authorized to administer involuntary antipsychotic medication. After treatment, the medical director at Patton State Hospital reported to the trial court on December 4, 2012, that William was competent to stand trial.

Criminal proceedings were reinstated and a jury trial began on February 7, 2013. At trial, the prosecution presented evidence of the incident as described above. After the prosecution's case-in-chief, the trial court dismissed count 3 pursuant to a section 1118 motion, finding there was insufficient evidence that James suffered serious bodily injury.

---

[2] All further statutory references are to the Penal Code unless otherwise specified.

The jury found William guilty of the crime of resisting an executive officer as charged in count 2, and the trial court declared a mistrial as to counts 1 and 4 when the jury became hopelessly deadlocked. Those counts were subsequently dismissed.

The trial court denied probation and sentenced William to the upper term of three years in county jail pursuant to section 1170, subdivisions (h)(1) and (h)(2). The trial court explained it imposed the high term because : "1) the victim was particularly vulnerable, 2) the crime involved great violence or great bodily harm, and 3) the crime disclosed a high degree of cruelty or viciousness." Williams was also ordered to pay a restitution fine pursuant to section 1202.4, subdivision (b) in the amount of $2,925, a court operations assessment under section 1465.8, subdivision (a)(1) in the amount of $40 and a criminal conviction assessment under Government Code section 70373 in the amount of $30. William was granted custody credits of 401 actual days plus 400 days good time/work time credit plus 587 days served at Patton State Hospital for a total of 1,388 days. This was deemed to be a time served sentence. Williams timely appealed.

## DISCUSSION

William's appointed counsel filed a *Wende* brief requesting we review the record for arguable issues. Counsel also submitted a declaration stating she has informed William of his evaluation of the record and provided a copy of the record in the event William wishes to file a supplemental brief. We also notified William by letter of his right to submit any claim, argument, or issue he wished us to review. We have received no response from William. We have independently reviewed the record on appeal, and we are satisfied that appointed counsel fulfilled her duty, and that no arguable issues exist. (*Wende*, *supra*, 25 Cal.3d 436; *People v. Kelly* (2006) 40 Cal.4th 106.)

## DISPOSITION

The judgment is affirmed.

BIGELOW, P. J.

We concur:

RUBIN, J.          FLIER, J.

4